# CORRECTED

[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No.  12-14628-CC
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TONY HENDERSON,
a.k.a. Hollywood,

Defendant - Appellant.
_____

Appeal from the United States District Court
for the Middle District of Florida
_____

**ON REMAND FROM THE
SUPREME COURT OF THE UNITED STATES**

Before: WILLIAM PRYOR, MARTIN, and JORDAN, Circuit Judges.

PER CURIAM:

The Supreme Court vacated our prior decision in this case, *United States v.*

*Henderson,* 555 F. App'x 851 (11th Cir. 2014), holding that 18 U.S.C. § 922(g)

does not categorically bar a convicted felon from transferring lawfully obtained

firearms to a third party "unless [the transfer] would allow the felon to later control the [firearms], so that he could either use them or direct their use." *United States v. Henderson,* 135 S. Ct. 1780, 1783 (2015).  We remand to the district court so that it may consider Mr. Henderson's request that the FBI transfer his firearms to his wife or a friend in accordance with the principles articulated by the Supreme Court in *Henderson.  See id.* at 1787 ("[W]hen a court is satisfied that a felon will not retain control over his guns, § 922 does not apply, and the court has equitable power to accommodate the felon's request [for a transfer].").

**REMANDED WITH INSTRUCTIONS.**